## 53726. KARLSBERG et al. v. HOOVER et al.

MARSHALL, Judge.

The appellants, Dr. and Mrs. Karlsberg, bring this appeal from the order of the trial court dismissing their appeal for failure providently to transmit the record to this court within the 20 days prescribed following the filing of their notice of appeal. The failure to transmit the record was occasioned by their failure to pay costs.

Upon argument of the appellees' motion to dismiss the appeal, it reasonably appears that the appellants were not contesting the allegation by the appellees that the failure to file the record in relation to the time factor was unreasonable. The order of the trial judge entering default judgment against the Karlsbergs was rendered on September 21, 1976. The notice of appeal was filed on October 20, 1976. The motion to dismiss the appeal was not filed until December 7, 1976, 76 days after the entry of a default judgment and more than two weeks beyond the time provided by statute for the transmittal of the record. The defense offered by the appellants for their failure to pay costs was limited to the argument that the attorneys

representing them had never received notification from the clerk of court that the record was ready, and payment of costs due. There was contrary evidence that the clerk had in fact notified the firm on October 22, 1976, of costs due. Thus, the sole issue presented to the trial judge at the hearing on the motion to dismiss the appeal was whether the failure to transmit the record to the appellate court (caused by the nonpayment of costs) was excusable or inexcusable. The trial judge in his order dismissing the appeal, after considering the documentary evidence and hearing arguments of counsel, granted the motion to dismiss "because of the failure of Defendants to have the record transmitted to the Court of Appeals within the time prescribed." There was no express finding that the delay was unreasonable or that the unreasonable delay was inexcusable. The appellants enumerate as error the granting of the appellees' motion to dismiss their appeal because of the failure to have the record transmitted to the Court of Appeals within the 20-day time period prescribed by Code Ann. § 6-808 (a) (Ga. L. 1965, pp. 18, 28; 1966, pp. 493, 497; 1968, pp. 1072, 1076). *Held:*

Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624) provides in pertinent part that the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. In the case of *Young v. Climatrol &c. Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976), the Supreme Court held: "The provision authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.* In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. See *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). In this case the costs were not paid nor a pauper's affidavit filed with the clerk until twenty-two days following the filing of the notice of appeal. The trial court made a finding that the delay in filing the record

was inexcusable and was caused by failure to pay costs or file a pauper's affidavit. No finding was made that the two-day delay was unreasonable, and we therefore hold that it was error to dismiss the appeal." The appellants, relying on the *Young* case, supra, maintain that the trial judge, not having made specific findings of unreasonableness and inexcusability, erred in dismissing their appeal.

We are not satisfied that such a result is demanded in every case in which specific findings are not rendered by the trial court. In the *Young* case, it appears that the trial court concluded that the failure to pay court costs or file a pauper's affidavit within the 20 days demanded by statute was an unexcusable delay, but the court did not indicate whether it had considered if a mere two-day delinquency in such payment might or might not be reasonable. Though the trial court was exercising a reviewable discretion, there was nothing for the appellate court to examine in determining whether the trial court exercised its discretion or even considered that such a short period also was unreasonable.

In this case, the parties did not contest that costs had not been paid even after the expiration of 38 days following the filing of the notice of appeal, or nearly three weeks later. The only issue contested was that the clerk of court had not notified counsel for the appellants that costs were due. There was conflicting evidence in this regard. The clerk gave an affidavit that notification had been rendered to counsel on October 22. The court was aware from the record that costs had not been paid as of December 22, the date of the order dismissing the appeal. Weighed against this was the affidavit testimony that the firm of attorneys had not received such notification. This raised a question of fact for the trial court, which was resolved adversely to the interests of the appellants. There being evidence to support such determination, we will not weigh the sufficiency of the evidence. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378) (1976); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974). See *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974). Thus, in this case, the sole question to be resolved by the trial court was whether the delay in

paying court costs and transmitting the record to the appellate court was inexcusable. The record was well documented, and fully supports a determination that the delay was both unreasonable and inexcusable. In such circumstances, the appellate court is not left in the position decried in the *Young* case, of being unable to evaluate the exercise of the trial court's discretion. Under the facts of this case, inherent in the finding of the trial judge that the appellants had failed to have the record transmitted to the appellate court within the time prescribed, is a finding that the failure was both unreasonable and inexcusable.

Furthermore, the appellants, in their enumeration of error and original brief before this court, complained solely that the court erred in dismissing their appeal in that the evidence showed that they had received no notice, and, therefore, that the failure was unavoidable and excusable. It was only by supplemental brief and oral argument that the appellants raised the issue of insufficient specificity in the order of the trial judge. At no time have the appellants requested the trial judge to modify or clarify his order.

It should be noted that, in several cases, our courts have recognized the necessity for specificity and compliance with statutory requirements in orders and judgments of trial courts. Thus, in *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975), the Supreme Court held that in divorce cases, findings of fact and conclusions of law were mandatory, because required by statute. However, in *Jardine v. Jardine,* 236 Ga. 323 (223 SE2d 668) (1976), that same court held that the failure in a divorce case to enumerate as error the failure of the trial court to make findings of fact and conclusions of law is harmless or nonreversible error. A fortiori, as Code Ann. § 6-809 (b), supra, does not explicitly require a statement that the delay was unreasonable and inexcusable, the doctrine of waiver would appear even more applicable. As indicated in the *Young* case, what is required is that the appellate court be enabled to evaluate the exercise of discretion by the trial court. We are satisfied that, under this record, we can evaluate the exercise of discretion of the trial court in dismissing the appeal in this case.

We will apply that well-established principle, that one is limited on appeal to objections raised in the trial court, and, in the absence thereof, an objection cannot be raised for the first time before an appellate court. *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8) (1976); *Curran v. Fleming,* 76 Ga. 98 (1885); *Porterfield v. State,* 137 Ga. App. 449 (2) (224 SE2d 94) (1976). Furthermore this court has held that an appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive. While this court is anxious to have supplemental briefs when they help to illuminate a difficult issue, there must be something present in the appellant's original brief which can be supplemented. *Johnson v. Heifler,* 141 Ga. App. 460, 463 (233 SE2d 853) (1977). In view of the above, we find no error materially prejudicial to the rights of the appellants.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED MAY 31, 1977 — REHEARING DENIED JUNE 21, 1977 —

*Ringel, Gray & Hinson, Jerry T. Hinson, John C. Gray, Charles Ratz,* for appellants.

*Gambrell, Russell, Killorin & Forbes, Harold L. Russell, Thomas W. Rhodes,* for appellees.