### A00A1062. ATHENS-CLARKE COUNTY v. TORRES.
(540 SE2d 225)

ELLINGTON, Judge.

Through her guardian, Valentina Torres sued the Unified Government of Athens-Clarke County, among other defendants, on theories of negligence and nuisance for injuries she sustained when she was struck by a car as she crossed a street in Athens. The trial court denied the unified government's motion for judgment on the pleadings. We granted the unified government's application for interlocutory review of that ruling. Because the trial court erred in finding the unified government was not entitled to sovereign immunity, we reverse.

A defendant's motion for judgment on the pleadings should be granted only where the pleadings disclose with certainty that the plaintiff would not be entitled to relief under any state of provable

facts. OCGA § 9-11-12 (c); *Cardin v. Outdoor East*, 220 Ga. App. 664, 665 (468 SE2d 31) (1996). "For the purposes of the motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citations and punctuation omitted.) *Ford v. Whipple*, 225 Ga. App. 276, 277 (483 SE2d 591) (1997).

Taking Torres' factual averments as true, the pleadings show that on December 29, 1997, Torres was legally crossing a street in a marked crosswalk at an intersection in Athens when she was struck by a car. Before the consolidation and unification of the municipal government of Athens and the county government of Clarke County, the intersection was located within the city limits of Athens. The City of Athens installed traffic control signals at the intersection in 1978. The City of Athens maintained the intersection until the city government merged into the unified government in 1991; thereafter the unified government maintained the intersection. The signal intervals at the intersection were set so that pushing the pedestrian walk button was necessary to have the light remain green long enough for a pedestrian to safely cross all seven lanes of traffic. As designed in part by the City of Athens, the intersection's signals were defective in that the pedestrian push button was located out of the view of pedestrians approaching from a certain direction. When Torres was struck by a car on December 29, 1997, the "Don't Walk" pedestrian signal had burned out.

The unified government answered and moved for judgment on the pleadings on the basis that it was entitled to sovereign immunity for Torres' claims. The trial court noted correctly that municipalities are not immune from nuisance actions. See *City of Vidalia v. Brown*, 237 Ga. App. 831, 835 (2) (516 SE2d 851) (1999). Based on the unified government's charter (Ga. L. 1990, p. 3612), the trial court concluded the unified government "succeeded to the liabilities of the former municipality for the creation and maintenance of a nuisance" and denied the unified government's motion for judgment on the pleadings.

1. Torres' argument that the unified government waived sovereign immunity by operation of OCGA § 36-33-1 because it maintained a liability insurance policy at the time of the accident is without merit. We note initially: "Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege and the waiver must be established by the party seeking to benefit from the waiver." (Citations and punctuation omitted.) *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 788 (1) (456 SE2d 97) (1995). OCGA § 36-33-1 by its terms applies to municipal corporations, not to counties.

Torres' argument that the unified government is to be considered a municipality is without merit. The charter creating the unified city/ county government, Ga. L. 1990, pp. 3612, 3614, § 8-103, expressly provided that its tort and nuisance liability would follow the law and rules of tort liability applicable to counties in Georgia. *Swan v. Johnson*, 219 Ga. App. 450, 452 (3) (465 SE2d 684) (1995). See also *Gilbert v. Richardson*, 264 Ga. 744, 748-749 (4) (452 SE2d 476) (1994) (discussing application of OCGA § 33-24-51).

2. The unified government contends Torres' claims were barred by sovereign immunity. We agree. As discussed in Division 1, supra, the charter creating the unified government provided that its tort and nuisance liability would follow the law of tort liability applicable to counties. A 1991 amendment to our constitution provided: "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). The Supreme Court of Georgia held that sovereign immunity extends to counties under the 1991 constitutional amendment. *Gilbert v. Richardson*, 264 Ga. at 746-747 (2). See also OCGA § 36-1-4 ("[a] county is not liable to suit for any cause of action unless made so by statute"); *Kordares v. Gwinnett County*, 220 Ga. App. 848, 850 (470 SE2d 479) (1996) (a "[c]ounty is not liable for nuisance claims arising from personal injuries or wrongful death"). We have held that a claim against the unified government was barred by sovereign immunity. *Swan v. Johnson*, 219 Ga. App. at 452 (3) (wrongful death).

Torres contends the unified government is liable, despite § 8-103 of its charter and the sovereign immunity enjoyed by counties, because the city maintained a nuisance that existed prior to creation of the unified government and continued until Torres' accident. We do not accept Torres' position that liability attached to Athens as a municipality "for the creation and maintenance of a nuisance" before consolidation in 1991 which resulted in her injuries in 1997. However, even assuming municipal liability for the nuisance that caused Torres' injuries existed before consolidation and the unified government succeeded to that liability, the General Assembly could provide the protection of sovereign immunity so long as suit had not yet been filed. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3) (414 SE2d 638) (1992) (the State may withdraw its waiver of sovereign immunity at any time before a citizen acts in reliance on that waiver by filing suit). By providing in the charter that the tort and nuisance liability of the unified government would follow the law and rules of tort liability applicable to counties, the State withdrew any pre-existing waiver of sovereign immunity associated with municipality liabilities of the former City of Athens except as to pending suits. Id.

Because the unified government was entitled to sovereign immunity, the trial court erred as a matter of law in denying the motion for judgment on the pleadings.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 3, 2000.

*McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall*, for appellant.

*Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch, John F. Nebl, L. Katherine Adams*, for appellee.