A03A1144. BLIER v. GREENE et al.
A03A1145. COLUMBUS CLINIC v. GREENE et al.
(587 SE2d 190)

ELLINGTON, Judge.

We granted the interlocutory applications of Michael Blier, Ph.D., and the Columbus Clinic to consider whether the trial court erred in refusing to enter judgment on the pleadings and dismiss Jane and Charles Greene's renewed complaint as time-barred. Because the issues raised in both appeals are the same, we consolidate these cases. Although the trial court properly refused to dismiss the entire complaint, we reverse in part because the Greenes' claims for sexual assault and battery and loss of consortium are time-barred.

A defendant's motion for judgment on the pleadings should be granted only where the pleadings disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. OCGA § 9-11-12 (c). For the purposes of the motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false.

(Citations and punctuation omitted.) Athens-Clarke County v. Torres, 246 Ga. App. 215 (540 SE2d 225) (2000).

Viewed in this light, the record reveals the following. On March 16, 1998, the Greenes filed their initial complaint against the appellants. The complaint alleged the Greenes sought psychological counseling at the Columbus Clinic in March 1996. Jane Greene began seeing Dr. Blier and Charles Greene began seeing another therapist whom Dr. Blier supervised. During this time, Dr. Blier was a licensed psychologist and the administrator of the Columbus Clinic's mental health department. The complaint alleges that on October 9, 1996, during a therapy session with Jane Greene, Dr. Blier "negligently violated professional treatment boundaries." The complaint itself does not specifically allege a sexual assault and battery; rather, the attachments incorporated by reference suggest that Dr. Blier had a sexual relationship with Jane Greene. Dr. Blier characterized the relationship in his treatment records as an example of Jane Greene's "transference" of emotional attachment to him; nevertheless, he con-

tinued treating her. Although Charles Greene informed his therapist he intended to file charges against Dr. Blier for "taking advantage of" him and his wife, Dr. Blier retained control over Jane Greene's medical records and continued treating her, allegedly covering up the relationship by manipulating records and abusing confidential information. The Greenes also asserted the Clinic negligently hired, supervised, and retained Dr. Blier despite having actual or constructive knowledge of prior similar complaints from other female patients.

The original complaint contained a claim for professional negligence and was, therefore, accompanied by an OCGA § 9-11-9.1 (a) affidavit. The complaint also averred claims for breach of fiduciary duty; intentional infliction of emotional distress; breach of contract; negligent hiring, supervision, and retention of an employee; and punitive damages. There is no evidence in the record before us that this complaint was amended. The Greenes voluntarily dismissed the complaint without prejudice on November 28, 2001.

On January 9, 2002, the Greenes filed a renewal action pursuant to OCGA § 9-2-61. In the renewed complaint, the Greenes again asserted claims for breach of fiduciary duty; intentional infliction of emotional distress; breach of contract; negligent hiring, supervision, and retention of an employee; loss of consortium; and punitive damages. They did not, however, reassert a claim for professional negligence or medical malpractice. Instead, they added claims for sexual assault and battery and loss of consortium. The Greenes averred that, on October 9, 1996, Dr. Blier "placed his hands and mouth on the intimate parts of the body of Plaintiff Jane Greene without her consent."

Both Dr. Blier and the Clinic moved for judgment on the pleadings, arguing the renewed complaint was barred by the five-year statute of repose for medical malpractice claims, or, in the alternative, that the renewed complaint contained entirely new claims that were barred by the applicable statutes of limitation.

1. *Claims Barred.*

(a) *Sexual Assault and Battery.* As we have held, "[a] properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation." (Citation omitted.) *Blackwell v. Goodwin*, 236 Ga. App. 861, 863 (2) (513 SE2d 542) (1999). "Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired." (Citations omitted.) Id. OCGA § 9-2-61 (a). The Greenes' renewal action was timely filed. However, whether it was properly filed depends on whether the renewed action runs afoul of the statute of repose for medical malpractice claims, see OCGA § 9-3-71 (b), and whether it raises any entirely new claims

that would otherwise be time-barred. See, e.g., *Alfred v. Right Stuff Food Stores*, 241 Ga. App. 338, 339-340 (2) (525 SE2d 717) (1999) (renewed complaint contained time-barred nuisance claim that was not asserted in original premises liability negligence action).

"[T]he Supreme Court has held that the legislature never intended for the dismissal and renewal statutes to overcome the five-year statute of repose for medical malpractice actions set forth in OCGA § 9-3-71 (b)."[1] (Citation and punctuation omitted.) *Blackwell v. Goodwin*, 236 Ga. App. at 863 (2). Consequently, if the Greenes' new action for assault and battery is one sounding in medical malpractice, the trial court would be required to dismiss it. Id.

For purposes of the statute of repose, "medical malpractice" is defined as:

> any claim for damages resulting from the death of or injury to any person arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or (2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment.

OCGA § 9-3-70.

Dr. Blier and the Clinic contend the medical malpractice statute of repose bars the Greenes' claims because Dr. Blier was employed as a therapist and was in a therapy session when he assaulted Jane Greene. In all of the cases cited by Dr. Blier and the Clinic in support of applying the statute of repose, however, the underlying negligent or wrongful act upon which suit is based arose out of care or treatment for the benefit of the patient and involved the caregiver's exercise of professional judgment. *Ray v. Scottish Rite Children's Med. Center*, 251 Ga. App. 798, 800 (555 SE2d 166) (2001) (renewed complaint, though sounding in negligent retention, arose out of surgical care provided " 'in the exercise of [the doctor's] professional skill and judgment' ") (footnote omitted); *Blackwell v. Goodwin*, 236 Ga. App. at 863-864 (2) (renewed complaint, though sounding in battery, arose from a nurse giving an injection, which "involved the exercise of professional skill and judgment"); *Thompson v. Long*, 225 Ga. App. 719,

---

[1] OCGA § 9-3-71 (b) provides: "Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."

720-721 (3) (484 SE2d 666) (1997) (renewed complaint, though sounding in simple negligence, was predicated on a doctor's failure to "'exercise the required degree and standard of care'" during an emergency C-section).

The Greenes' renewed complaint, on the other hand, alleges an intentional, forcible, nonconsensual sexual assault and battery. Given the facts averred, the sexual assault and battery cannot be construed as mental health "service" or "care." Moreover, since the sexual assault and battery did not involve the exercise of professional judgment, it cannot be construed as medical or professional malpractice. See, e.g., *Upson County Hosp. v. Head*, 246 Ga. App. 386, 389 (540 SE2d 626) (2000) ("'Whether an action alleges professional malpractice or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill.'") (footnote omitted). Consequently, we conclude the renewed complaint is not one sounding in medical or professional malpractice. Therefore, the complaint is not barred by the medical malpractice statute of repose. That does not end our inquiry, however.

The renewed complaint alleges an entirely new basis for recovery, sexual assault and battery, a claim that was not included in the original complaint. As we have held:

> To suspend the running of the statute of limitation in a renewal action, the cause of action must be substantially the same as in the original action. A defendant's liability cannot be enlarged beyond that indicated by the pleadings in the first case. We have held that a plaintiff may not utilize the amendment provisions under OCGA § 9-11-15 (c) to attempt to add otherwise barred claims to renewal actions, when such claims are not substantially the same as the claims in the original action.

(Citations, punctuation and footnotes omitted.) *Burns v. Dees*, 252 Ga. App. 598, 607-608 (1) (d) (557 SE2d 32) (2001). The claim for sexual assault and battery is not substantially the same as any of the claims asserted in the original complaint. See id. (unjust enrichment and quantum meruit claims not substantially same as breach of contract claim); *Alfred v. Right Stuff Food Stores*, 241 Ga. App. at 339 (2) (nuisance claim not substantially same as premises liability claim). Consequently, the sexual assault and battery claim is not saved by the renewal statute. Therefore, because such an action "shall be brought within two years after the right of action accrues," OCGA § 9-3-33, it is time-barred. *Hickey v. Askren*, 198 Ga. App. 718, 719 (1) (403 SE2d 225) (1991). The trial court erred in denying the appel-

lants' motion to dismiss as time-barred the sexual assault and battery claim.

(b) *Loss of Consortium.* The original complaint did not contain a claim for loss of consortium. Therefore, for the reasons stated in Division 1 (a) above, the claim is not saved by the renewal statute. A loss of consortium claim is to be filed within four years after the right of action from which it derives accrues. OCGA § 9-3-33; see *Heis v. Young,* 226 Ga. App. 739, 741 (6) (487 SE2d 403) (1997); *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65 (207 SE2d 597) (1974). The Greenes' claims accrued in 1996, six years before the refiled complaint; therefore, the loss of consortium claim is time-barred and the trial court erred in denying appellants' motion to dismiss it.

2. *Remaining Claims.* The Greenes' remaining claims are neither barred by the medical malpractice statute of repose nor their respective statutes of limitation. The remaining claims[2] of the renewed complaint are substantially the same as those averred in the original complaint and are, therefore, saved by the timely and proper refiling of the renewed complaint. OCGA § 9-2-61 (a); *Blackwell v. Goodwin,* 236 Ga. App. at 863 (2). Further, because the remaining claims are founded upon Blier's breach of trust rather than on negligent or wrongful acts involving his performance of psychiatric services, they are not barred by the statute of repose. As the Supreme Court held in *Tante v. Herring,* 264 Ga. 694, 695-696 (2) (453 SE2d 686) (1994), a claim for breach of fiduciary duty is not one for professional malpractice because it is not based on the performance of professional services, but rather, upon a violation of the duty of utmost good faith and loyalty. A breach of "different duties hence gives rise to separate and distinct claims." *Chrysler Corp. v. Batten,* 264 Ga. 723, 724 (1), 727 (4) (450 SE2d 208) (1994) (failure to warn claim arises from duty distinct from product liability claim and, therefore, was not barred by applicable statute of repose); *Ballard v. Rappaport,* 168 Ga. App. 671-672 (310 SE2d 4) (1983) (breach of contract claim, "which is not grounded in the malpractice claim," was not barred by applicable statute of repose). Because the Greenes' remaining claims are not grounded in professional or medical malpractice, we affirm the trial court's order as to the remaining claims of the renewed complaint.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Phipps, J., concur.*

---

[2] The surviving claims are breach of fiduciary duty, negligent hiring, negligent supervision and retention, intentional infliction of emotional distress, breach of contract, and punitive damages.

DECIDED AUGUST 15, 2003 —
RECONSIDERATION DENIED SEPTEMBER 3, 2003 AND RECONSIDERATION
DISMISSED SEPTEMBER 3, 2003 —

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr.*, for appellant (case no. A03A1144).
*Denney, Pease, Allison & Kirk, Ray L. Allison*, for appellant (case no. A03A1145).
*Charles A. Gower, Gwyn N. Bunn*, for appellees.