[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14786
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00373-MTT

TORU TAWAKA GOTEL,

Plaintiff-Appellant,

versus

SHAWN CARTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 5, 2019)

Before WILLIAM PRYOR, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Toru Tanaka Gotel appeals the district court's dismissal of her civil complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. Gotel's complaint was devoid of specific factual allegations and legal claims. Even when construed in the light most favorable to her, the complaint failed to state a plausible claim. Therefore, the district court did not err by ruling that Gotel's complaint failed to state a claim for relief, and we affirm.

On October 10, 2018, Gotel filed a *pro se* complaint against Shawn Carter ("Jay-Z"), alleging that Jay-Z was her ex-boyfriend whom she met over twenty years ago. Gotel originally listed four claims amounting to $100 million in damages: 1) "Went along with deal with him/had sex/ trick me mislead me"; 2) "Torture/abandonment"; 3) "Failure to keep promise/broken (didn't fulfill any promise)"; and 4) "Slander of name/[character]." Gotel then moved for leave to proceed *in forma pauperis* before the district court. The court reviewed the complaint to determine whether it stated a claim upon which relief could be granted. Gotel's claims were found to be frivolously "devoid of dates, specific factual allegations, and specific legal claims to relief." The court determined that Gotel's complaint was too vague to determine whether it stated a claim upon which relief could be granted. The district court also concluded Gotel failed to provide a basis for it to exercise personal jurisdiction over Jay-Z. So the district court ordered Gotel to amend her complaint and specify the necessary facts in order to establish a claim.

On October 23, 2018, Gotel filed an amended complaint. With respect to her first claim of "sexual assault and trick/mislead me," Gotel alleged that she began her relationship with Jay-Z in 1992, and he promised her $2 million, which she never received. As for her claim of "torture/abandonment," Gotel claimed that Jay-Z would often slap her and tell her that she was dirty. She further averred that when she asked for money, Jay-Z would abandon her but would "continue to have sex with [her] all the time." For her third claim of "failure to keep promise," Gotel asserted that she performed work for Jay-Z and had sex with him, and he said he would give her millions of dollars, but she never received any money. To elaborate on her last claim of "slander of name/[character]," Gotel stated that Jay-Z attempted "to publicize Rolex watch/my name on different times in a few more other things in his songs."

The district court dismissed Gotel's amended complaint without prejudice, for failing to state a claim on which relief could be granted. Once again, the court noted that Gotel's amended complaint was missing dates, specific factual allegations, and legal claims to relief. In particular, the district court noted Gotel failed to identify how Jay-Z allegedly marketed the Rolex or what specific songs or items Gotel's name was used on. Thus, even while liberally construing Gotel's complaint, the district court found that it failed to state a claim for relief that was plausible on its face.

3

On November 16, 2018, Gotel filed an appeal describing how Jay-Z allegedly sexually assaulted her in 1992.  Gotel's brief is devoid of any argument that the district court erroneously dismissed her claim and does not make any legal arguments.  Jay-Z did not file a reply brief.

We review *de novo* dismissal under § 1915(e)(2)(B)(ii).  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The standards governing dismissals under Rule 12(b)(6) apply equally to § 1915(e)(2)(B)(ii).  *Id.*  In evaluating a dismissal, we accept as true the allegations contained in a complaint, and we view them in the light most favorable to the plaintiff.  *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  A plaintiff's complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Bald assertions lacking factual enhancement or basic recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to establish a plausible claim of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Finally, where, as here, a plaintiff proceeds *pro se*, we liberally construe her filings.  *Alba*, 517 F.3d at 1252.

Applying these standards, we must conclude the district court did not err in dismissing Gotel's complaint for failure to state a claim.  As the district court correctly recognized, Gotel's complaint lacked dates, factual allegations, and the legal elements of the claims she made.  For instance, while Gotel alleged that Jay-Z

4

promised to give her money, she failed to provide the district court with any factual allegations concerning any discussions, negotiations, or bargained-for terms between herself and Jay-Z that could be construed as establishing a binding contract. And she also did not give any dates upon which she supposedly entered into a contract with Jay-Z. Similarly, she offered no details concerning Jay-Z's alleged misappropriation of her name or the slanderous statements he allegedly made about her in his songs. The complaint also failed to provide any allegations about where and when Jay-Z's alleged sexual assault of her occurred, other than to say it happened in 1992.[1]

Lacking this crucial information, the district court was unable to find that Gotel's complaint stated a plausible claim for relief. And Gotel's brief on appeal contains no further arguments, does not explain or even address why her case was allegedly improperly dismissed, and does nothing more than restate her assertions that she was sexually assaulted.

**AFFIRMED.**

---

[1] In the absence of a permissible reason why the sexual-assault claim did not accrue until sometime within two years of Gotel's filing of her case, Gotel's sexual-assault claim, premised on an alleged 1992 event, would also be barred by O.C.G.A. § 9-3-33, Georgia's two-year statute of limitations pertaining to injuries to the person, which the Georgia courts have held applies to sexual-assault claims. *See Blier v. Greene*, 587 S.E.2d 190, 194 (Ga. Ct. App. 2003).