**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 5, 2022**

# In the Court of Appeals of Georgia

A22A0114. MASSEY v. STATE FARM FIRE AND CASUALTY
COMPANY.

PHIPPS, Senior Appellate Judge.

Plaintiff Angel Massey appeals from the trial court's order granting summary judgment to defendant State Farm Fire and Casualty Company on her claims for breach of contract and related causes of action premised on alleged violations of her homeowner's insurance policy with State Farm. On appeal, Massey challenges only the trial court's rulings as to her breach-of-contract claims. Because Massey has failed to establish reversible error on the trial court's rulings that her breach-of-contract claims are time-barred, in part, by the terms of the policy and otherwise unsupported by record evidence, we affirm.

Viewed in the light most favorable to Massey, the nonmoving party, see *City of St. Marys v. Reed*, 346 Ga. App. 508, 508-509 (816 SE2d 471) (2018), the record shows that, on March 27, 2016, a water line connected to Massey's refrigerator failed, flooding her home and damaging the home's structure and Massey's personal property. At the time, her home was covered by a State Farm homeowner's insurance policy (the "Policy"), pursuant to which she made a claim for the water damage. On the day of the incident, Massey reported the damage to State Farm, and defendant Corndawgs, Inc. d/b/a ServPro of Clayton County (which is not a party to this appeal) began providing home restoration services, which continued for several days.[1] Several weeks later, Massey discovered mold in her home and reported the discovery to State Farm. State Farm thereafter paid a third party to perform repairs and mold remediation on Massey's home. Between the date of the incident and December 2016, State Farm paid a total of more than $195,000 to Massey or on her behalf under the Policy in connection with the water damage.

---

[1] ServPro is a member of State Farm's "preferred service program," pursuant to which State Farm provides referrals for contractors to homeowners making claims under State Farm policies. As such, it appears that ServPro performed structural mitigation services on Massey's home pursuant to a referral from State Farm.

In March 2017, Massey sued State Farm and ServPro for breach of contract and negligence (the "First Lawsuit"). She voluntarily dismissed that lawsuit without prejudice in May 2018. Massey thereafter filed the current action for breach of contract and negligence against State Farm and ServPro in November 2018 (the "Current Lawsuit"). She amended her complaint in September 2020 to add claims for fraud and misrepresentation. The trial court granted summary judgment to ServPro in January 2021; that ruling is not at issue in this appeal.

Following discovery, State Farm moved for summary judgment on all claims against it. Among other arguments, State Farm contended that Massey's breach-of-contract claims, in part, improperly seek to recover for ServPro's alleged negligence and otherwise are time-barred by a one-year suit-limitation provision in the Policy. The trial court granted State Farm's motion, concluding, as relevant to this appeal, that: (i) because any duty owed by State Farm to Massey arises out of the Policy, Massey's exclusive remedy is a breach-of-contract claim, and her negligence claim thus is barred; (ii) any claims for breach of contract premised on actions by ServPro fail because they sound in negligence; (iii) Massey's claims that State Farm breached one or more Policy provisions, asserted for the first time in the Current Lawsuit, are barred by the Policy's one-year suit-limitation provision; and (iv) her fraud and

3

misrepresentation claims are barred by the applicable statute of limitation. This appeal followed.

We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *City of St. Marys*, 346 Ga. App. at 508-509. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 508; see OCGA § 9-11-56 (c). "[T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 819 (3) (a) (670 SE2d 469) (2008) (citation and punctuation omitted); see OCGA § 9-11-56 (c). If the movant meets this burden, the nonmovant "cannot rest on [her] pleadings, but rather must point to specific evidence giving rise to a triable issue." *Ellison*, 294 Ga. App. at 819 (3) (a) (citation and punctuation omitted); see OCGA § 9-11-56 (e).

Massey contends that the trial court erred when it ruled that her breach-of-contract claims are time-barred by the Policy's one-year suit-limitation provision. We disagree.

4

It is undisputed that the Policy requires any action against State Farm to be brought within one year after the date of the loss or damage.[2] An insured's compliance with an insurance policy suit-limitation period is a condition precedent to the insured's recovery in a lawsuit. See *Beck v. State Farm Mut. Ins. Co.*, 146 Ga. App. 878, 878-879 (247 SE2d 548) (1978).

Massey filed the First Lawsuit on March 27, 2017, exactly one year after the water damage incident occurred. With respect to her breach-of-contract claims against State Farm, Massey's complaint at that time provided, in relevant part:

*CONTRACT: BREACH*

20.

**Plaintiff Angel Massey** had a policy contract with Defendant State Farm that insured her Fayetteville Road residence for losses, damage and personal injuries arising out of the broken refrigerator water line.

---

[2] Massey does not challenge the validity of the one-year deadline. See generally *Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 287 Ga. 379, 380-381 (1) (695 SE2d 642) (2010) (Georgia courts have enforced one-year suit limitations in insurance policies).

*STATE FARM*

21.

Defendant had a duty of fair dealings and a fiduciary duty to protect **Plaintiff Angel Massey**'s property and health. Defendant State Farm breached that duty when it purposefully limited the scope and water restoration efforts [sic] of Defendant SERVPRO.

22.

Defendant State Farm's failure and breach caused **Plaintiff Angel Massey**'s real and personal property losses and damages.

In a portion of the complaint under the heading "*SERVPRO*," Massey also alleged that State Farm "breached its contract with [her] by limiting the extent of [ServPro's] services."

Notably, in her breach-of-contract claims in the First Lawsuit, Massey did not identify any Policy provisions alleged to have been breached by State Farm. She rather alleged only that State Farm: (i) generally breached its "duty of fair dealings and a fiduciary duty to protect [her] property and health"; and (ii) breached unidentified provisions of an unidentified contract "by limiting the extent of [ServPro]'s services."

In the breach-of-contract claims in her initial complaint in the Current Lawsuit — filed on November 1, 2018 — Massey again alleged that State Farm: (i) breached its "duty of fair dealings and a fiduciary duty to protect [her] property and health" when it "purposefully limited the scope and water restoration efforts [sic]" of ServPro; and (ii) breached unidentified provisions of an unidentified contract "by limiting the extent of [ServPro]'s services." She further alleged that State Farm "breached" a similarly unidentified "contract[] for service concerning the water damage and the prevention of pathogens contaminating [her] home." Finally, Massey alleged that State Farm breached unidentified provisions of the Policy by failing to pay various sums for losses arising out of the water damage.

Massey's claim that State Farm breached one or more Policy provisions by failing to make various payments for covered losses was untimely raised for the first time in the Current Lawsuit, which was filed more than two years after the May 2016 water damage incident. And to the extent that the Current Lawsuit arguably may be deemed a renewal action, see OCGA § 9-2-61 (a), the provisions of that statute do not save this claim, for the reasons that follow.

Under the renewal statute, where a timely filed civil case is discontinued or dismissed for certain reasons, the plaintiff may re-file the case within six months of

7

the discontinuance or dismissal. See OCGA § 9-2-61 (a). "[A] properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation. Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired."[3] *Blier v. Greene*, 263 Ga. App. 35, 36 (1) (a) (587 SE2d 190) (2003) (citations and punctuation omitted).

"To suspend the running of the statute of limitation in a renewal action, the cause of action must be substantially the same as in the original action. A defendant's liability cannot be enlarged beyond that indicated by the pleadings in the first case." *Blier*, 263 Ga. App. at 38 (1) (a) (citation and punctuation omitted). A plaintiff therefore may not amend a complaint "to attempt to add otherwise barred claims to renewal actions, when such claims are not substantially the same as the claims in the original action." Id. (citation and punctuation omitted); accord *Ward v. Dodson*, 256 Ga. App. 660, 661 (569 SE2d 554) (2002) ("If the statute of limitation has not run, the plaintiff may add new parties and new claims to the refiled action; however, if the

---

[3] For purposes of addressing the propriety of renewal actions, an insurance policy's contractual limitation period stands in the same footing as a statute of limitation. See generally, e.g., *Auto-Owners Ins. Co. v. Hale Haven Properties*, 346 Ga. App. 39, 48 (1) (b) (815 SE2d 574) (2018).

8

statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery.").

Here, Massey's complaint in the First Lawsuit alleged neither that State Farm breached any Policy provisions nor that State Farm failed to make any payments for covered losses. Consequently, her claims to that effect in the Current Lawsuit, filed more than one year after the water damage incident occurred, are barred by the Policy's one-year suit-limitation provision. See *Blier*, 263 Ga. App. at 38 (1) (a); *Ward*, 256 Ga. App. at 661; *Beck*, 146 Ga. App. at 878-879. Moreover, to the extent that Massey's breach-of-contract claims may be read to encompass her contention that State Farm breached a "fiduciary duty" owed to her, she does not challenge in her appellate brief the trial court's finding that State Farm owed no fiduciary duty to her, and she therefore has abandoned any claim she may have had in that regard. See *Karlsberg v. Hoover*, 142 Ga. App. 590, 594 (236 SE2d 520) (1977) ("[A]n appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive."); see also *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that

9

the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal).[4]

In addition, Massey also does not challenge in her appellate brief the trial court's conclusions that (a) no record evidence supports her claim (asserted in both the First and Current Lawsuits) that State Farm breached unidentified provisions of an unidentified contract "by limiting the extent of [ServPro]'s services," and (b) to the contrary, the evidence is undisputed that Massey hired ServPro as an "independent service provider," as a result of which State Farm is not liable for ServPro's conduct. She therefore also has abandoned any challenges she may have had to the trial court's rulings in that regard. See *Gresham*, 349 Ga. App. at 138 (1), n. 10; *Karlsberg*, 142 Ga. App. at 594.

Consequently, Massey has not met her burden of showing that the trial court erred when it (a) concluded that her breach-of-contract claims are time-barred, in part, and otherwise unsupported by record evidence and (b) granted summary judgment to

---

[4] Although the trial court did not expressly address Massey's claim that State Farm breached its "duty of fair dealings," the court implicitly rejected that claim when it granted State Farm's motion for summary judgment in full. Massey similarly has abandoned any claim she may have had in this regard by failing to elaborate any such argument in her appellate brief. See *Gresham*, 349 Ga. App. at 138 (1), n. 10; *Karlsberg*, 142 Ga. App. at 594.

State Farm on those grounds. As a result, we need not address any of Massey's additional enumerations of error, each of which concern the trial court's alternative bases for granting summary judgment to State Farm on her breach-of-contract claims.[5] See, e.g., *N4D, LLC v. Passmore*, 329 Ga. App. 565, 568 (3) (765 SE2d 717) (2014) (declining to address appellant's remaining arguments when grant of summary judgment was affirmed on one of multiple alternative grounds); *Bullington v. Fayette County School Dist.*, 246 Ga. App. 463, 467 (2) (540 SE2d 664) (2000) (declining to address an alternative argument as to the propriety of a summary-judgment ruling because "[a] judgment right for any reason will be affirmed").[6]

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*

---

[5] The trial court concluded that Massey's breach-of-contract claims were barred on three grounds in addition to the Policy's suit-limitation provision: (i) Massey's failure to provide State Farm with an inventory of lost or damaged property, as required by the Policy; (ii) a Policy provision barring coverage for negligent workmanship; and (iii) State Farm's satisfaction of its obligations to Massey under the Policy. We express no opinion on the trial court's rulings on these issues.

[6] Massey has abandoned — by once again failing to elaborate any argument in support of — any claims she may have had that the trial court erred by granting summary judgment on any of her remaining claims, including her claims for negligence, fraud, and misrepresentation. See *Gresham*, 349 Ga. App. at 138 (1), n. 10; *Karlsberg*, 142 Ga. App. at 594.

11