A95A2739. GEORGIA PHYSICAL THERAPY, INC.
v. McCULLOUGH.
(466 SE2d 635)

JOHNSON, Judge.

Scott McKeever, a certified athletic trainer, was employed by Georgia Physical Therapy, Inc. ("GPT"). GPT encouraged its employees to participate in community activities, and, as part of this program, McKeever volunteered to work with various sports teams at South Cobb High School, including the football team. Jeffrey McCullough, one of the football players, complained to McKeever of pain in his right foot. McKeever attributed the pain to an ingrown toenail. Despite McKeever's advice regarding care of the toe, however, the

---

condition worsened. When McCullough complained again a week later, McKeever noted that the toenail area was red, and recommended that McCullough consult with his family physician. As a result of medical complications which arose in connection with his toe, McCullough brought suit against numerous defendants, asserting a malpractice claim against McKeever and alleging negligent hiring, supervision, and training against GPT.

The trial court granted McKeever's motion to dismiss because McCullough failed to file an affidavit in accordance with OCGA § 9-11-9.1. McCullough has not appealed that ruling. We granted GPT's application for interlocutory review of the trial court's denial of its motion to dismiss based on the absence of an expert affidavit.

The trial court found that by failing to have a physician on staff and available to its athletic trainers, GPT breached its legal duty by knowingly permitting McKeever to violate OCGA § 43-5-1 (2). Having committed negligence per se, the court concluded that the OCGA § 9-11-9.1 affidavit requirement was not applicable. The court relied on *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728 (333 SE2d 829) (1985), in which the Supreme Court held that Central Anesthesia had breached a statutory duty in allowing an uncertified student nurse anesthetist to administer anesthesia while not under the direction of an anesthesiologist.

On appeal, GPT argues that the complaint did not assert a claim arising from a breach of a statutory duty. Even if it had, GPT asserts that OCGA § 43-5-1 (2) is inapplicable. We agree. OCGA § 43-5-1 does not require that a physical therapy group have a physician on staff. Further, the Code section delineates those procedures, "use [of] physical modalities, such as heat, light, sound, cold, electricity, or mechanical devices," a trainer is permitted to perform on a patient "upon the advice and consent of a physician." By failing to specify that this list is without limitation, the list of procedures contemplated by the statute must be construed as inclusive. See generally *Hamlin v. Timberlake Grocery Co.*, 130 Ga. App. 648, 650 (1) (204 SE2d 442) (1974). Other services a trainer might render, such as advice regarding care of an ingrown toenail, which do not involve physical modalities may be provided without advice and consent of a physician. Furthermore, the final portion of OCGA § 43-5-1 (2) provides: "The term 'athletic trainer' shall not include any student, teacher, or other person who serves as an athletic trainer for an elementary school or high school, either public or private, within this state." Because McKeever was acting as an athletic trainer for a high school, the provisions of the statute, by its own terms, are inapplicable.

Even if we disagree with the trial court's reasoning, however, we still examine whether there is a legal basis for the result reached below. The complaint alleges that at all times relevant to the complaint

McKeever was acting within the scope of his employment as agent for GPT. It further alleges that GPT negligently hired, supervised, and trained McKeever. We have held that a malpractice affidavit is required in suits against entities not required to be licensed by this state where liability is predicated on the doctrine of respondeat superior or when "the averment of acts or omissions requiring the exercise of professional skill and judgment by agents or employees who themselves are recognized as 'professionals.'" *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 64-65 (3) (424 SE2d 632) (1992); *Robinson v. Med. Ctr. of Central Ga.*, 217 Ga. App. 8, 9 (456 SE2d 254) (1995); *Hodo v. Gen. Hosps. of Humana*, 211 Ga. App. 6, 8 (2) (438 SE2d 378) (1993). Applying that principle to the facts of this case, it is clear that McCullough's claims against GPT arise out of the treatment rendered by its agent, McKeever, in the exercise of his professional skill and judgment. McCullough's failure to file an expert affidavit in accordance with OCGA § 9-11-9.1 mandates the dismissal of his claims against GPT. See *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED DECEMBER 6, 1995 —
RECONSIDERATION DENIED JANUARY 2, 1996 —

*Gorby & Reeves, Michael J. Gorby, Karen E. Cooper*, for appellant.

*Repasky & Bates, Alexander J. Repasky*, for appellee.