A98A2251. BLACKWELL et al. v. GOODWIN et al.
(513 SE2d 542)

RUFFIN, Judge.

On March 30, 1993, Rita and James Blackwell sued Shirley Goodwin, a nurse, for professional malpractice and battery, alleging that on April 15, 1991, Goodwin improperly administered an intramuscular injection to Rita Blackwell. The complaint also alleged that

Goodwin's employer, Medicus Diagnostic Endoscopy Center of Greater Atlanta, Ltd. (Medicus), and its general partners were vicariously liable for Goodwin's actions. The plaintiffs voluntarily dismissed their complaint without prejudice on January 10, 1997.

The plaintiffs refiled their complaint on March 5, 1997, and filed an amended complaint on May 14, 1997. The amended complaint reasserted the professional negligence and battery claims against Goodwin and also asserted claims directly against Medicus for negligent hiring, supervision, retention, and entrustment. Defendants moved to dismiss the complaint on the grounds that it was barred by the five-year statute of repose for medical malpractice claims, and the trial court granted the motion. We affirm.

1. As an initial matter, we note that plaintiffs' appellate brief fails to comply with our Court of Appeals Rules, in that the statement of fact and argument sections do not contain a single proper citation to the 1,100-page record. See Court of Appeals Rules 27 (a) (1) and (c) (3) (i).[1] Although failure to comply with such rules authorizes this Court to treat plaintiffs' enumeration of error as abandoned, see *Jenkins v. Raiford*, 117 Ga. App. 658-659 (2) (161 SE2d 405) (1968), we have elected in our discretion to address plaintiffs' argument that certain of their claims are not subject to the medical malpractice statute of repose, as an opinion on this issue would have precedential value. See *Beman v. Kmart Corp.*, 232 Ga. App. 219, 220 (1) (501 SE2d 580) (1998). However, we do not elect to address any issues which are not specifically raised in plaintiffs' brief.

We also do not reach the merits of plaintiffs' assertion that, during a pre-trial conference, they were orally advised by the trial court to dismiss and refile their previous complaint, and that defendants' attorney waived any objection to the refiling by failing to state such objection at that time. Plaintiffs have not provided any citations to the record to support their self-serving factual contentions, and no transcript of the alleged conference is contained in the record.

> [I]t is not the function of an appellate court to cull the record in search of error on behalf of a party. . . . Nor can appellant establish the facts necessary to support his contention merely by recitation of factual allegations in his brief that are unsupported by the record.

(Citations omitted.) *Sparti v. Joslin*, 230 Ga. App. 346, 347 (2) (496 SE2d 490) (1998). We also note that the trial court's order is at odds with plaintiffs' characterization of the facts. Because plaintiffs have

---

[1] The argument section does contain one reference to Goodwin's deposition, but does not provide a record citation showing where the deposition may be found.

not affirmatively shown error by the record, this contention is without merit.

2. A properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation. *Atlanta Country Club v. Smith*, 217 Ga. App. 515, 516 (458 SE2d 136) (1995). Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired. Id.; OCGA § 9-2-61 (a). However, the Supreme Court has held that "the legislature never intended for the dismissal and renewal statutes to overcome the [five-year] statute of repose" for medical malpractice actions set forth in OCGA § 9-3-71 (b). *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993).

> The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. . . . A voluntary dismissal terminates the action completely. An action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo*. . . . [I]t logically follows that a new suit on a nonexisting cause of action cannot proceed.

(Citation and punctuation omitted.) Id. at 845-846 (1).

The statute of repose on plaintiffs' medical malpractice claims expired in April 1996, and their renewal action was not filed until March 5, 1997. Accordingly, *Wright* makes it clear that plaintiffs' medical malpractice claims are barred by the statute of repose. However, plaintiffs argue that their claims for battery and for negligent hiring, retention, supervision, and entrustment are not subject to the statute of repose.[2] This argument is without merit.

Plaintiffs state in their brief that their battery claim is based on Goodwin's alleged failure to obtain Rita Blackwell's consent to the injection pursuant to OCGA § 31-9-6.1. However, OCGA § 31-9-6.1 (d) provides that "[a] failure to comply with the requirements of this Code section shall not constitute a separate cause of action but may give rise to an action for medical malpractice." Thus, plaintiffs' battery claim is clearly subject to the five-year statute of repose for medical malpractice claims.

Plaintiffs' claims against Medicus for negligent hiring, retention,

---

[2] Plaintiffs' amended complaint also asserted causes of action against defendants for negligence, infliction of emotional distress, and loss of consortium. However, plaintiffs do not discuss these claims in their appellate brief or argue that they remain viable. Accordingly, as discussed in Division 1, we do not elect to consider them here. See *Wellborn v. DeKalb County School Dist.*, 227 Ga. App. 377, 378 (2) (489 SE2d 345) (1997).

supervision, and entrustment are also subject to the medical malpractice statute of repose because they arise out of Goodwin's actions in administering the injection to Rita Blackwell. The term "action for medical malpractice" is defined as "any claim for damages resulting from the death of or injury to any person arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or (2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment." OCGA § 9-3-70. Plaintiffs' claims against Medicus are clearly claims for damages resulting from injury to Rita Blackwell. Thus, for purposes of determining whether these claims constitute "actions for medical malpractice" as defined in OCGA § 9-3-70, the relevant question is whether the claims, although asserted against Medicus, are deemed to "arise out of" Goodwin's actions in administering the injection, which actions involved the exercise of professional skill and judgment.

This issue was addressed in *Ga. Physical Therapy v. McCullough*, 219 Ga. App. 744 (466 SE2d 635) (1995). In that case, the plaintiff sued Scott McKeever, a certified athletic trainer, alleging that McKeever committed professional malpractice in treating the plaintiff's ingrown toenail. Id. at 744-745. The plaintiff also sued McKeever's employer, Georgia Physical Therapy, Inc. (GPT), for negligent hiring, supervision, and training. Id. at 746. We held that the claims against GPT must be dismissed for failure to file the expert affidavit required by OCGA § 9-11-9.1 in cases of professional malpractice. We stated that

> a malpractice affidavit is required in suits against entities not required to be licensed by this state where liability is predicated on the doctrine of respondeat superior or when the averment [is] of acts or omissions requiring the exercise of professional skill and judgment by agents or employees who themselves are recognized as "professionals." Applying that principle to the facts of this case, it is clear that *McCullough's claims against GPT arise out of the treatment rendered by its agent, McKeever, in the exercise of his professional skill and judgment.*

(Citations and punctuation omitted; emphasis supplied.) Id.

Thus, in *McCullough*, although the claims against the employer were for negligent hiring, retention, and supervision, we held that the claims arose out of the actions of the employer's agent in the

exercise of his professional skill and judgment. Accordingly, the claims against the employer constituted claims for professional malpractice. Similarly, in this case, the claims against Medicus arose out of the actions of its agent, Goodwin, in the exercise of her professional skill and judgment. Therefore, the claims against Medicus come within the definition of "actions for medical malpractice," and are subject to the five-year statute of repose set forth in OCGA § 9-3-71 (b). Thus, the trial court did not err in dismissing such claims.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 10, 1999.

*Potts & Badaruddin, James H. Potts II, Shandor S. Badaruddin,* for appellants.

*Hall, Booth, Smith & Slover, John E. Hall, Jr., Heather C. McGrotty,* for appellees.