A01A1495. RAY et al. v. SCOTTISH RITE CHILDREN'S MEDICAL CENTER, INC.

(555 SE2d 166)

RUFFIN, Judge.

Randy Ray and Denise Ray, individually and as next friends and parents of Cody Ray, sued Scottish Rite Children's Medical Center, Inc. d/b/a Scottish Rite Hospital ("Scottish Rite" or "the hospital"). Scottish Rite moved to dismiss the Rays' complaint for failure to state a claim on the ground that it is time-barred. The trial court granted the motion, and the Rays appeal. For reasons that follow, we affirm.

A motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6) should "be granted only when it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his or her claim. Otherwise, the claim should be allowed to proceed, as all doubts pertaining to a motion to dismiss must be resolved in the nonmovant's favor."[1]

The record in this case reveals that the Rays' claims stem from medical care provided to Cody Ray at Scottish Rite. According to the complaint, Cody Ray, who was born on January 26, 1989, underwent medical procedures performed "primarily by Mary Johnson, M.D." on four occasions between January 28, 1993, and July 28, 1993. The Rays alleged that Dr. Johnson's "medical staff privileges were not renewed upon her application to [Scottish Rite] . . . in 1991," and

---

[14] *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999).

[1] (Citations and punctuation omitted.) *Lange v. Standard Tel. Co.*, 243 Ga. App. 301, 304 (3) (533 SE2d 162) (2000).

that the hospital knew she "was incompetent to render surgical services to [Cody Ray]." The Rays claimed that Scottish Rite was negligent in retaining Dr. Johnson and allowing her to render care, that the hospital's failure to disclose Dr. Johnson's incompetence constituted fraud, and that this fraud resulted in a lack of informed consent, which makes the hospital liable for battery. The Rays also claimed that Scottish Rite is liable for Dr. Johnson's negligence under respondeat superior.

This is not the first action that the Rays have filed based on the care rendered by Dr. Johnson. The Rays filed a medical malpractice complaint against Dr. Johnson, which they dismissed with prejudice on March 19, 1997.[2] In addition, the Rays previously commenced an action against Scottish Rite on April 16, 1999, but dismissed that action on August 17, 1999.[3] The Rays filed the instant action on June 6, 2000.

The trial court granted the hospital's motion to dismiss, finding that it is barred by the statute of limitation and statute of repose for medical malpractice actions.[4] On appeal, the Rays assert that the trial court erred in relying on the medical malpractice statutes of limitation and repose because their cause of action against Scottish Rite for negligent retention is not an action for medical malpractice. We disagree.

Our Code defines "an action for medical malpractice" as

any claim for damages resulting from the death of or injury to any person *arising out of*: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or (2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment.[5]

---

[2] Although the Rays did not address the malpractice action against Dr. Johnson in their complaint, it was raised by the hospital in pleadings before the trial court, recognized by the trial court in its order, and acknowledged by the Rays in their reply brief on appeal. Such acknowledgment constitutes a binding admission in judicio. See *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778, 780, n. 10 (542 SE2d 171) (2000).

[3] In their complaint, the Rays indicated that they dismissed the earlier action because prior "counsel raised allegations pertaining to medical malpractice but neglected to file an expert witness affidavit."

[4] See OCGA §§ 9-3-71 (b), (c); 9-3-73 (c) (2).

[5] (Emphasis supplied.) OCGA § 9-3-70.

The import of this definition is clear. An action against Scottish Rite for injuries which arose out of the care rendered by Dr. Johnson, acting within the scope of her employment, constitutes an action for medical malpractice. It does not matter that the Rays' cause of action for negligent retention raises different factual issues concerning the hospital's conduct as opposed to Dr. Johnson's conduct — their claim nevertheless calls into question Dr. Johnson's professional skills, or lack thereof, and their damages are predicated upon proof that Dr. Johnson's substandard medical care caused Cody's injuries.[6]

We addressed this issue in *Blackwell v. Goodwin*,[7] where the plaintiffs sued not only the health care professional, a nurse who was alleged to have improperly performed a medical procedure, but also her employer. The plaintiff claimed the employer was liable for negligent hiring, supervision, retention, and entrustment. We held that, although the claims against the employer were based on its own negligent employment practices, they nonetheless arose out of the medical services provided by its agent "in the exercise of her professional skill and judgment."[8] Likewise, although the Rays' negligent retention claim in this case is based on Scottish Rite's own negligence, the claimed damages still *arose out of* the care rendered by the hospital's agent, Dr. Johnson.[9]

The Rays argue that "[i]f *Blackwell* is upheld as the law of this state . . . then the effect is to debase and ignore the clear expression of the Georgia Supreme Court." Their argument is presumably based on *Mitchell County Hosp. Auth. v. Joiner*,[10] in which the Supreme Court recognized that the plaintiff could hold a hospital authority liable based on its "independent negligence in permitting the *alleged negligent physician* to practice his profession in the hospital, when his incompetency is known."[11] Although we agree with the Rays that the Court in *Joiner* recognized the validity of their cause of action against Scottish Rite, we cannot discern how our decision in *Blackwell* conflicts with that case. The Court in *Joiner* plainly did not address whether such a claim constituted a cause of action for medical malpractice.[12] Furthermore, it appears from the Court's opinion

---

[6] See *Knight v. Sturm*, 212 Ga. App. 391, 392 (2) (442 SE2d 255) (1994); see also *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853, 855 (1) (467 SE2d 186) (1996) (stating "[w]ith reference to the issue of proximate cause, there can be no recovery by a plaintiff for the negligence of a defendant which was not the proximate cause of the injury. If the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof.") (punctuation omitted).

[7] 236 Ga. App. 861 (513 SE2d 542) (1999).

[8] Id. at 865 (2).

[9] See id.

[10] 229 Ga. 140, 141 (189 SE2d 412) (1972).

[11] (Emphasis supplied.) Id. at 141, 143.

[12] See id. at 141-143.

that the plaintiff's claim for negligent retention was dependent, in part, on the "alleged negligen[ce of the] physician."[13] Thus, we conclude that the trial court in this case did not err in finding that the Rays' complaint for negligent retention constitutes an action for medical malpractice.

We must still determine, however, whether the claim is barred by the statutes of limitation and repose. Medical malpractice actions are governed by a two-year statute of limitation and a five-year statute of repose.[14] Thus, subject to limited exceptions, "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."[15] The only exception applicable to this case is for minors who are under five years old when the medical malpractice action accrues. Medical malpractice claims of such minors are subject to a statute of limitation of two years from the date of their fifth birthday and a statute of repose which bars any action brought "by or on behalf of . . . [the] minor . . . [a]fter the tenth birthday of the minor."[16]

In this case, the last alleged negligent act or omission occurred no later than July 28, 1993. Thus, any claims brought by Cody Ray's parents in their individual capacity after July 28, 1995, are barred by the two-year statute of limitation, and any such claims filed by the parents after July 28, 1998, are barred by the five-year statute of repose.[17] The individual claims the parents assert in the instant complaint, filed June 6, 2000, are clearly barred by the statutes of limitation and repose.[18]

The Rays' claims filed on behalf of Cody Ray are likewise time-barred. The Rays' complaint reveals that Cody, who was born on January 26, 1989, was under five years old when he was allegedly injured by Dr. Johnson's medical negligence. Cody turned five on January 26, 1994. Thus, any claims brought on behalf of Cody by his parents after he turned seven on January 26, 1996, are barred by the statute of limitation, and any such claims filed by the parents after July 28, 1999, are barred by the statute of repose.[19] The parents' claims brought on behalf of Cody on June 6, 2000, are therefore barred by the statutes of limitation and repose.

To the extent the Rays seek to avoid this result on the ground that the instant action is a properly filed renewal action, we find no

---

[13] See id. at 141.
[14] OCGA § 9-3-71 (a)-(c).
[15] OCGA § 9-3-71 (b).
[16] OCGA § 9-3-73 (b), (c) (2) (A).
[17] See OCGA § 9-3-71 (a)-(c).
[18] See id.
[19] See OCGA § 9-3-73 (b), (c) (2) (A).

merit in their argument. Renewal actions are governed by OCGA § 9-2-61 (a), which provides that

> [w]hen any case has been commenced in either a state or federal court *within the applicable statute of limitations* and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or *within six months after the discontinuance or dismissal,* whichever is later.[20]

We find several obstacles to the Rays' reliance on the renewal statute. First, the Rays did not commence their initial suit against Scottish Rite within the two-year statute of limitation. That statute expired on January 26, 1996, two years after Cody Ray turned five years old,[21] and the Rays did not file the original action until April 16, 1999. Second, even if the first action was timely filed, the second action was not filed within six months of the first action's dismissal. Finally,

> the Supreme Court has held that the legislature never intended for the dismissal and renewal statutes to overcome the five-year statute of repose for medical malpractice actions. . . . The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. A voluntary dismissal terminates the action completely. An action renewed pursuant to OCGA § 9-2-61 (a) is an action de novo. It logically follows that a new suit on a nonexistent cause of action cannot proceed.[22]

Accordingly, the Rays' contention that the instant complaint constitutes a properly filed renewal action is without merit. The trial court did not err in dismissing the complaint.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2001.

*Robert J. White*, for appellants.

---

[20] (Emphasis supplied.)

[21] See OCGA § 9-3-73 (b).

[22] (Citation and punctuation omitted.) *Blackwell,* supra at 863 (2) (citing *Wright v. Robinson*, 262 Ga. 844, 845-846 (1) (426 SE2d 870) (1993)).

*Alston & Bird, Dow N. Kirkpatrick II, Robert P. Riordan, Christopher A. Riley*, for appellee.