A05A1188. ADAMS v. GRIFFIS et al.
(620 SE2d 575)

MILLER, Judge.

Nannette Adams, as executrix of the estate of Antoinette Cook, sued Mark Griffis, M.D., and Dodge County Hospital Authority d/b/a Dodge County Hospital for damages arising out of the alleged negligence of Dr. Griffis and the Hospital in treating Cook's cancer. Adams later amended her complaint to allege that the Hospital

negligently supervised and retained Dr. Griffis. The trial court dismissed Adams's case, and she appeals. Because Adams's causes of action were extinguished by the statute of repose, we affirm.

On August 14, 2002, Adams filed a complaint alleging that Dr. Griffis treated Cook on December 21, 1994 and at various times from January 2, 1995 through May 20, 1995, and that Cook died on July 13, 1995. Although the complaint shows on its face that it was filed over seven years after Cook's death, Adams contends that her complaint was a renewal action filed in accordance with OCGA § 9-2-61. The record before us on appeal does not show whether the action had been voluntarily dismissed and refiled, as Adams contends. However, even if the action was refiled consistent with the requirements of OCGA § 9-2-61, the statute of repose for medical malpractice actions provides that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." OCGA § 9-3-71 (b).

1. Adams contends that the statute of repose was only designed to prevent initial filings more than five years from the date on which the alleged wrongful act or omission occurred, and that it does not apply to a renewal action. In *Wright v. Robinson,* 262 Ga. 844 (426 SE2d 870) (1993), however, the Supreme Court of Georgia held that the statute of repose is controlling because "the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose." Id. at 846 (1). It follows that Adams could not renew her action after the five-year statute of repose had passed. Id. The trial court did not err in dismissing Adams's claims against Dr. Griffis.

2. Adams also contends that her claims against the Hospital for negligent supervision and retention are separate from her claims of medical malpractice and not subject to the statute of repose. We disagree. These claims ultimately rest upon whether Dr. Griffis's substandard medical care caused Cook's injury, and are therefore considered to be medical malpractice claims for purposes of the statute of repose. See OCGA § 9-3-70 (defining medical malpractice as claim "arising out of" treatment by person authorized to perform such service); *Ray v. Scottish Rite Children's Med. Center,* 251 Ga. App. 798, 800 (555 SE2d 166) (2001); *Knight v. Sturm,* 212 Ga. App. 391, 392-393 (2) (442 SE2d 255) (1994) (claims based on fraudulent representations, fraudulent concealment of material information, breach of express and implied warranties, and breach of contract were subject to the statute of limitation for medical malpractice because the claims called into question the conduct of a professional in his area of expertise).

Since we must consider Adams's claims against the Hospital for negligent supervision and retention as part of his medical malpractice claims, the former claims also fail due to the expiration of the statute of repose. *Ray*, supra, 251 Ga. App. at 802.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 8, 2005 —
RECONSIDERATION DENIED SEPTEMBER 2, 2005.

*Buzzell, Graham & Welsh, R. William Buzzell II*, for appellant.
*Jones, Cork & Miller, Carr G. Dodson*, for appellees.